In the Matter of RICHARD HOWARD JONES, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 4, 1965.

*John G. Bonomi* of counsel (*Raymond P. Whearty* with him on the brief), for petitioner.

*H. Hawthorne Harris* for respondent.

*Per Curiam.* Respondent was admitted to practice December 16, 1953 in the Second Judicial Department. Certain charges were preferred against him in an original petition dated June 7, 1960 and in a supplemental petition dated May 9, 1961 and a second supplemental petition dated November 21, 1961. These charges were heard before an officer who was duly appointed for that purpose. The charges alleged commingling of clients' funds with the personal funds of the respondent on several occasions and the issuance of checks in excess of 140 which were returned either because of insufficient funds or because the accounts were closed. The charges with respect thereto were sustained by the Hearing Officer and are confirmed by this court. In addition it was charged in the original petition respondent had been guilty of professional misconduct with respect to the use of certain moneys of one William Cheeseboro, a client. Respondent was paid a flat fee of $150 by Cheeseboro for professional services. Thereafter he received a $500 check in settlement of Cheeseboro's claim which he cashed and converted the proceeds thereof to his own use. Eventually Cheeseboro was paid. The charge of professional misconduct is sustained in its entirety. To the extent the report of the Hearing Officer finds the contrary, such finding is disaffirmed, and is otherwise confirmed. Respondent also improperly used or improperly retained for his own purposes moneys belonging to one William Newsome and Carry-On-Community Club, Inc., and failed to make timely payment of certain taxes for which purpose he received that money. The charges in connection therewith are fully sustained. The report of the Hearing Officer on these charges is confirmed except insofar as he makes a contrary finding. To that extent it is disaffirmed. It was also charged that in connection with the purchase of a picture or pictures from one Meyerson he issued two checks which were returned unpaid because of insufficient funds. Insofar

súmario

as the Hearing Officer sustained the charge the finding is confirmed.

It was charged that the respondent had represented to a client that she might obtain a divorce in South Carolina without either the client or her husband going to South Carolina and that in connection therewith a fee was paid to the respondent, the refunding of which the respondent attempted by the issuance of two checks which were returned unpaid because of insufficient funds. Except for that portion of the charge as to the representation that the parties could obtain a divorce without going to South Carolina, which decree would be valid in New York, the charge was sustained and the report of the Hearing Officer is confirmed.

It is apparent that the respondent over a period of time has engaged in the practice of issuing worthless checks and that he has converted to his own use funds belonging to several of his clients. The fact that payment was eventually made, following complaints, does not change the nature of the offense. Respondent has been guilty of professional misconduct which demonstrates his unfitness to continue in the practice of law. The respondent should be disbarred.

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and STEVENS, JJ., concur.

Respondent disbarred effective April 5, 1965.